IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| GERALD ADELMAN, | ) |
| Plaintiff, | ) ) ) |
| -v- | ) Case No.: <u>08 C 195</u> |
| | ) |
| ING USA ANNUITY AND LIFE INSURANCE COMPANY, | ) Honorable Milton I. Shadur ) |
| | ) Magistrate Judge Morton Denlow |
| Defendant. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT,
ING USA ANNUITY AND LIFE INSURANCE COMPANY'S MOTION
TO DISMISS PLAINTIFF'S VERIFIED COMPLAINT FOR DECLARATORY
JUDGMENT, INJUNCTION, MONETARY DAMAGES AND OTHER RELIEF**

I.   **Introduction**

In this action, Plaintiff is asserting two claims for breach of contract. The contract is a life insurance policy that was issued to cover the life of Sara Ann Smith. Ms. Smith died on or about February 11, 2001. Six years later, in February, 2007, Plaintiff alleges that he "purchased" the Policy for good and valuable consideration. On December 10, 2007, Plaintiff filed a two count Verified Complaint for Declaratory Judgment, Injunction, Monetary Damages and Other Relief against ING USA ANNUITY AND LIFE INSURANCE COMPANY ("ING"). Count I alleges that ING breached the Policy by failing to provide certain information for the period from 1993 to 2001. Count II alleges that ING breached the Policy by terminating it on or about February 1, 1999. On January 9, 2008, Defendant timely removed this action to this Court based on diversity jurisdiction.

By this motion, Defendant is seeking dismissal of Plaintiff's Complaint for the following reasons: (1) Plaintiff lacks standing to pursue any claims against ING; and (2) Plaintiff's Complaint fails to state a claim or cause of action upon which relief can be granted against ING.[1]

## II. Plaintiff's Allegations

Plaintiff alleges that in February, 2007, six years after the insured died, and eight years after the Policy lapsed (due to the nonpayment of premium due), he purchased for "good and valuable consideration" a policy of life insurance originally issued to one Sara Ann Smith by Equitable of Iowa Company bearing policy number UF00007634 and in the face amount of Five Hundred Thousand Dollars ($500,000.00). *Plaintiff's Compl. Counts I and II,* ¶ 2.[2] Plaintiff further alleges that he does not possess and at present is unable to obtain a copy of the Policy. *Plaintiff's Compl.* ¶ 3. Plaintiff does not allege whether he ever possessed a copy of the Policy, nor does he allege from whom he allegedly "purchased" it.

Accordingly, Plaintiff does not attach a copy of the Policy to his Complaint, but instead, alleges that the Policy contains certain terms and conditions. For example, in Count I, Plaintiff alleges that according to the Policy, Defendant is obligated to provide the insured with the following:

    a. Annual reports stating monies paid in, interest earned, loans, interest expense and costs of insurance;

---

[1] Ms. Smith was a Class Member in the *Kolsrud/Elkins Class Action*, Civil Action No. 96-296-CIV-T-17B, United States District Court, Middle District of Florida, Tampa Division. In that case, Ms. Smith made a claim for and received relief for the very same policy upon which Plaintiff is basing his claim. Defendant's counsel has advised Plaintiff's counsel of this fact and has requested that Plaintiff dismiss this action on the grounds that it is barred by the settlement and release that was approved by the court in the *Kolsrud/Elkins Class Action*.

[2] In fact, the policy was originally issued by the Equitable Life Insurance Company of Iowa, but this fact has no bearing on the outcome of this motion.

    b.    Illustrations setting forth projected and guaranteed values of insurance; and

    c.    Accurate information regarding restorations of [sic] in the event of any lapses in the policy.

*Plaintiff's Compl., Count I,* ¶ *5,* and that in breach of these obligations, Defendant "failed to provide the information or failed to provide accurate information" as set forth above "from the calendar year of 1993 up to the calendar year of 2001." *Plaintiff's Compl., Count I* ¶ *6.*

Later, in Count II, Plaintiff alleges that the "policy contained the following contract terms identical in effect to the following":

> **MONTHLY DEDUCTION DAY** – is the same day of the month, in each Policy Month, as the day of the month in the Policy Date. On each Monthly Deduction Day, the cost of the insurance under this policy is deducted from the policy's Gross Cash Value.
>
> **INCONTESTABILITY** – We cannot contest this policy after it has been in force during the life of each Insured for two years from the Policy Date or, if reinstated, or two years from the date of reinstatement.
>
> **ASSIGNMENT** – You may Assign this Policy. We are bound by an Assignment only if We receive a duplicate of the original Assignment as [sic] Our Administrative Office.
>
> **USE OF CASH SURRENDER VALUE TO CONTINUE INSURANCE** – In the event payment of Planned Periodic Premiums are discontinued, insurance coverage under this policy and any benefits provided by Rider will be continued in force while the Cash Surrender Value is sufficient to cover the monthly deduction. No Rider will remain in force beyond its termination date.

*Plaintiff's Compl., Count II,* ¶ *5,* and that in breach of the terms relating to use of each surrender value to continue insurance, "Defendant terminated the subject Policy although each surrender value was sufficient to cover the monthly deduction through date of death." *Plaintiff's Compl., Count II,* ¶ *7.* Plaintiff further alleges that Ms. Smith died on or about February 11, 2001, that he has demanded payment of the death benefit of the Policy and that Defendant has denied payment

of the death benefit stating that the subject Policy lapsed on or about February 1, 1999. *Plaintiff's Compl., Count II,* ¶s 6-9.

### III.   Legal Standard

In deciding a motion to dismiss under Rule 12(b)(6), the allegations being examined must satisfy the "plausibility" test recently announced in *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Specifically, the Supreme Court held that a viable complaint must include "enough facts to state a claim for relief that is plausible on it face." *Bell Atlantic*, 127 S.Ct. at 1964-65, 1974. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965.

In ruling on a motion to dismiss, a court may consider the plaintiff's allegations, the exhibits to the claims, and documents referred to in the claims. *Venture Associates Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the complaint and are central to her claim.") Moreover, attaching the insurance Policy upon which Plaintiff is basing his claim does not convert a motion to dismiss to a motion for summary judgment. *Id.*

Here, in addition to the allegations of Plaintiff's Complaint, the Court should consider the terms and conditions of the life insurance policy upon which Plaintiff is basing his claims. Accordingly, since the Policy is referred to in Plaintiff's Complaint and is central to his claims, Defendant is attaching a true and accurate copy of the Policy as *Exhibit A* hereto. *McCready v. Ebay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006) ("documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in Plaintiff's Complaint and are central to his claim").

IV. <u>Argument</u>

    A. <u>Plaintiff Lacks Standing to Assert Any Claim Against ING.</u>

By its own terms, the Policy clearly states that "the rights of all owners cease on death of the insured." *Ex. A, p. 7, Section 3.1*. The Policy further states that "you [meaning the owner as "you" is defined in the Policy] may change the owner or the beneficiary during the insured's lifetime." *Ex. A, p. 8, Section 3.3*. Thus, according to the Policy, once the insured dies, all ownership rights cease and there cannot be any change to the owner or the beneficiary of the Policy.[3]

Here, Plaintiff does not allege that he was the owner or beneficiary of the Policy at the time of the insured's death. Instead, Plaintiff simply alleges that six years after the insured's death, and eight years after the Policy lapsed, he purchased the Policy for good and valuable consideration. *Plaintiff's Compl., Counts I and II, ¶ 2.*

Perhaps, Plaintiff should have obtained a copy of the Policy and read it before he "purchased" it and filed suit. Because, if he had, he would have known that the rights of all owners cease on the death of the insured and that, thereafter, there cannot be any changes to the owners or the beneficiary. Simply put, purchasing a lapsed policy after the death of the insured does not give Plaintiff standing to assert any claims against ING.[4]

---

[3] *See, Green v. Life USA Ins. Co.*, 259 B.R. 295, 300 (N.D. Ill. 2001) ("Contracts of insurance are governed by the same principles of law as govern contracts generally, and the rights of parties and those claiming under them are governed by the agreement as made.").

[4] *See, e.g., Fidelity Bankers Life Ins. Co. v. Dortch*, 318 N.C. 378, 384, 348 S.E. 2d 794, 798 (N.C. Supr. Ct. 1986) (Policy language requiring that any change in Owner or Beneficiary be made by the Owner during the lifetime of the insured was unambiguous. Accordingly, any purported changes that are made after the death of the insured are untimely and invalid.)

By Plaintiff's own admission, the insured died before Plaintiff "purchased" the Policy. Thus, by then, the rights of all owners ceased and there could not, as a matter of law, be a transfer of non-existing rights. Under the terms and conditions of the Policy, Plaintiff is not the owner, since he was not designated as such by the original owner during the lifetime of the insured. Thus, since he is neither the owner nor the beneficiary, he has no rights under the Policy and lacks standing to pursue any claims against ING. Moreover, even if Plaintiff were the owner, he still lacks standing, since the "rights of all owners cease on death of the insured."

Finally, to the extent that Count II seeks the payment of the death benefit of the Policy, Plaintiff lacks standing to assert such a claim, since he is not the beneficiary. The rights of the beneficiary vest upon the death of the insured. *Prudential Ins. Co. of America v. Lehman*, 2001 WL 138922, *5 (N.D. Ill. 2001) (this unreported decision is attached hereto as *Exhibit B*). Accordingly, since Plaintiff is not the beneficiary, he lacks standing to pursue a claim for the death benefit of the Policy.

### B. Plaintiff's Complaint Fails to State a Claim or Cause of Action Upon Which Relief Can Be Granted Against ING.

Plaintiff's request for declaratory judgment is procedural only and must be based on an underlying colorable legal claim or theory. *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937). The underlying theory in Plaintiff's Complaint is breach of contract.

To state a breach of contract claim, Plaintiff must allege that (a) a valid contract existed between plaintiff and defendant; (2) plaintiff complied with the contract and performed its obligations; (3) defendant breached the contract; and (4) plaintiff suffered damages due to defendant's breach. *Servpro Indus. v. Schmidt*, 905 F.Supp. 475, 479 (N.D. Ill. 1994). Breach of contract claims must be pled with supporting facts to withstand a motion to dismiss. *Soranno v. New York Life Ins. Co.*, 199 WL 104403, *18 (N.D. Ill. Feb. 24, 1999) (attached hereto as *Ex. C*).

6

*Servpro*, 905 F.Supp. at 479 (dismissing claim that pled breach of contract elements in a "wholly conclusory fashion" and failed to state underlying facts); *Kane, McKenna & Assoc. v. Remcorp, Inc.*, 1988 WL 9108 (N.D. Ill., Jan 1, 1988) (attached hereto as *Ex. D*) (dismissing breach of contract claim because no facts were alleged to demonstrate plaintiff's full performance, defendant's breach or consequential damages). Here, Plaintiff's Complaint fails to state a claim or cause of action upon which relief can be granted against ING for at least three reasons.

First, Plaintiff does not identify the person or entity from whom he allegedly "purchased" the policy. Without such information, Plaintiff's allegation that he "purchased" the Policy is merely a barebones legal conclusion that fails to state the required elements of a breach of contract claim. *Kane, McKenna*, 1988 WL 9108 *4, (N.D. Ill., Jan 1, 1988) (the general allegation that a contract exists, without supporting facts, is merely a legal conclusion).

Second, Plaintiff fails to allege that he or the original owner complied with the contract and performed their obligations. In Count I, Plaintiff alleges that prior to the breach, the original insured "paid sufficient premiums to keep the Policy in full force and effect" under the terms of the Policy. *Plaintiff's Compl., Count I*, ¶ 7. Later, in Count II, Plaintiff alleges nothing about the payment of premiums, but instead, simply states that in "breach of the terms of the policy relating to use of each surrender value to continue insurance, Defendant terminated the subject Policy although each surrender value was sufficient to cover the monthly deductions through date of death." *Plaintiff's Compl., Count II*, ¶ 7. Neither of the counts allege that Plaintiff or the original owner performed any of their other obligations under the Policy.

These allegations are insufficient to support a breach of contract claim. The Policy is a Fixed Premium Universal Life Insurance Policy, *Ex. A, p. 1*, that, on its face, requires the

payment of premiums for 60 years, or until prior death. *See, Ex. A, p. 1.*("premiums payable to number of years shown on the data page or until prior death, except as stated in Section 6") and p. 3, Data Page ("Premiums Payable 60 years"). Plaintiff does not allege that the premiums were in fact paid for each of the years up to and including the date of death of the insured. Thus, Plaintiff has failed to adequately plead that the insured complied with this obligation. *Kane, McKenna*, 1988 WL 9108, *4 (N.D. Ill., January 1, 1988) (dismissing claim for failing to allege plaintiff's full performance; merely alleging that plaintiff "undertook" to fulfill its obligations "is a far cry from alleging full performance").

Additionally, as discussed above, Plaintiff has not and cannot allege that he was designated as the owner of the Policy during the lifetime of the insured. Further, while Plaintiff seeks reinstatement of the Policy, he fails to plead compliance with any of the contractual requirements for reinstatement. *See, Ex. A, p. 10, Section 5.3 Reinstatement*. Thus, for these reasons, Plaintiff has failed to adequately plead that either he or the original owner complied with the contract and performed their obligations as required thereunder.

Third, Plaintiff is relying on terms and conditions that do not appear in the Policy. For example, Count II alleges that Defendant breached the "USE OF CASH SURRENDER VALUE TO CONTINUE INSURANCE" provision. However, as can be seen by reviewing *Ex. A*, this provision is not contained in the Policy. Thus, since Plaintiff is relying on this provision, which is not contained in the Policy, he has likewise failed to adequately plead a breach of the actual

contract. At a minimum, Plaintiff' claims must be based on the actual contract and not an assumed version of it.[5]

## CONCLUSION

For the reasons set forth herein, Defendant, ING USA ANNUITY AND LIFE INSURANCE COMPANY respectfully requests that this Honorable Court grant its Motion to Dismiss and enter an Order dismissing Plaintiff's Complaint with prejudice.

Dated: February 15, 2008                Respectfully submitted,

                                        **DEFENDANT, ING USA ANNUITY
                                        AND LIFE INSURANCE COMPANY**

                                By:     /s/ Thomas B. Keegan
                                        One of Defendant's Attorneys

                                        Thomas B. Keegan, Esq.
                                        Edward W. Gleason, Esq.
                                        **KEEGAN, LATERZA,
                                        LOFGREN & GLEASON, L.L.C.**
                                        566 West Adams, Suite 750
                                        Chicago, Illinois 60661
                                        Telephone: (312) 655-0200

---

[5] This case is one of many that Plaintiff has filed and that are pending in the Northern District of Illinois. *See, e.g., Adelman v. Great Southern Life Insurance Company*, 1:06-CV-04588, closed 02/06/07; *Adelman v. Security Life of Denver*, 1:07-CV-03990; *Adelman v. Valley Forge*, 1:07-CV-4402; and *Adelman v. Reassure America Life Insurance Company*, 1:08-CV-00565. In all of these cases, Plaintiff is asserting claims based on life insurance policies issued to and covering the lives of other individuals. In this case, Plaintiff has simply pled that the Policy contains the same provisions as those that are contained in the policy at issue in the *Valley Forge* case. Perhaps, this is because Plaintiff does not have a copy of the Policy. In any event, Plaintiff's claims must be based on the actual contract and not one that was issued by a different insurance company in a different case for the life of a different person.

## CERTIFICATE OF SERVICE

I, Thomas B. Keegan, an attorney, certify that I caused a true and accurate copy of the foregoing, **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, ING USA ANNUITY AND LIFE INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFF'S VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT, MONETARY DAMAGES AND OTHER RELIEF,** to be filed electronically. Notice of this filing was sent to all counsel who are currently on the Court's Electronic Mail Notice List by operation of the Court's Electronic Filing System (with a copy to be mailed to any individuals who do not receive electronic notice from the Clerk) this 15th day of February, 2008.

                                                                           */s/ Thomas B. Keegan*