IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION

GERALD ADELMAN,                      )
                                     )
                 Plaintiff,           )
                                     )
     v.                              )     No.  08 C 195
                                     )
ING USA ANNUITY AND LIFE             )
INSURANCE COMPANY,                   )
                                     )
                 Defendant.          )

                         MEMORANDUM

    ING USA Annuity and Life Insurance Company, having removed this action from its original situs in the Circuit Court of Cook County, has noticed up for presentment on February 25 its motion to dismiss the Complaint in this action (a motion that if successful would call for dismissal of the action itself, for the flaws that it asserts would be noncurable).  This memorandum (not a memorandum order) is issued in anticipation of that present-ment, because the very submission of the motion has caused this Court to give close attention to matters that were not obvious from the Complaint filed by Gerald Adelman ("Adelman") against ING.  That was true in large part because the Complaint was not accompanied by a copy of the insurance policy involved, though the policy (now provided by ING) may be considered on the current motion (see, e.g., McCready v. eBay, Inc., 453 F.3d 882, 891 (7th Cir. 2006)).

    If ING has portrayed the situation accurately, what this lawsuit appears to involve is what at common law used to be

termed barratry or champerty-and-maintenance, or perhaps both. In modern federal litigation the same kinds of considerations are embodied both (1) in Fed. R. Civ. P. ("Rule") 11(b), with its requirements of both subjective and objective good faith, and (2) with particular applicability to lawyers rather than their clients, in 28 U.S.C. §1927.  In this instance ING has not pursued the option available to it under Rule 11(c)(1)(A), but that is quite understandable:  That provision gives a Rule-11-violative party and the party's counsel one free bite by permitting the withdrawal of an offending pleading within 21 days after the adversary has given notice challenging that pleading, and here ING obviously wants to get out of the lawsuit entirely through a final order of dismissal.

But Rule 11(c)(1)(B) empowers the court itself to address Rule 11 violations sua sponte, and it is only fair to warn Adelman and his counsel to be prepared to provide a persuasive response to the matters adduced by ING when the motion is presented.  This is of course a caveat--a fair warning--and <u>not</u> an order.  Any explanation that may be tendered will be considered on its merits.

_____
Milton I. Shadur
Senior United States District Judge

Date:  February 19, 2008